JOHN B. CARROLL *versus* STEPHEN HINKLEY.

The statute of April 9, 1856, discharged stockholders in corporations, from all
personal liability for corporate debts contracted before that Act took effect.

REPORTED by APPLETON, J., October Term, 1857.

This was an action on the case against the defendant, as a stockholder in the York & Cumberland Railroad Company. The debt due the plaintiff was contracted by the corporation during the years 1853 and 1855. He commenced his action therefor, and recovered judgment against the company, Feb. 19, 1856. Execution was issued upon this judgment, and payment was demanded of the Treasurer of the company, May 24, 1856, and the officer certified upon the execution that he could find no corporate property wherewith to satisfy it. The plaintiff then proceeded, under the statute of 1856, to fix the personal liability of the defendant as a stockholder in the company, and he commenced this action against him, July 26, 1856.

The case was argued by *Rand,* for the plaintiff, and by

*Fox,* for the defendant.

Various questions were discussed relating to the regularity of the proceedings; but the Court expressed no opinion upon them.

This was one of the cases before the Court when the case of *Coffin* v. *Rich* was under consideration.

The counsel for the defendant made the following points: —

1. The liability of stockholders for corporate debts was *created* by statute. R. S., 1841, c. 79, § 18. This section was expressly *repealed* by the statute of 1856, which took effect on May 9 of that year. That repeal abrogated all liabilities of stockholders under all prior statutes, except so far as they were expressly saved from its operation.

2. Nothing was saved under the Act of 1856 but "suits and processes pending." This case was not then pending.

No demand was made upon the defendant until May 24th, after the Act took effect; and this action was not commenced until July 26th. It cannot be sustained under the prior statutes, because they were repealed. And it cannot be sustained under the statute of 1856, because the debt was contracted before that Act was passed, and the suit was not then pending.

3. The statute of 1856 was *prospective* in its operation. It did not provide for the *continuance* of *old liabilities*, unless suits therefor were pending,—but it *created new liabilities*. *Gray* v. *Coffin*, 9 Cush. 192.

4. Nor did the repeal of the former statutes impair any vested rights. *Oriental Bank* v. *Freese*, 18 Maine, 112; *Longley* v. *Little*, 26 Maine, 162.

The opinion of the Court was delivered orally by

HATHAWAY, J.—This case was before the Court and was considered with the case of *Coffin* v. *Rich*, [45 Maine, 507,] and that case is decisive of this.

*Plaintiff nonsuit.*